UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80197-Cr-Ryskamp/Hopkins

UNITED STATES OF AMERICA,          )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )
                                   )
JUNG BAE KIM, AKA "John Kim," et al., )
                                   )
    Defendant.                     )
_____)

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO PRE-SENTENCE INVESTIGATIVE REPORT**

The United States of America, by and through its undersigned Assistant United States Attorneys, hereby files its Response to the Defendant's Objections to the Pre-Sentence Investigative Report ("PSR"). The only issue raised by the defendant that affects the advisory guideline range relates to a two-point enhancement for 'sophisticated means.' This response addresses that sole issue.

### *Background*

On April 17, 2008 the defendant entered a plea of guilty to one count of wire fraud in violation of Title 18, United States Code, Section 1343. (Docket Entry "DE" 131). As part of that plea colloquy, the United States and the defendant filed an agreed Factual Proffer Supporting Change of Plea. *Id.* Thereafter the Probation Office authored the PSR which described the offense

conduct and other relevant conduct underlying the financial affairs of the KL Financial Group.

As part of the calculations of the advisory guideline range, the Probation Office assigned a two-point enhancement against the defendant for 'sophisticated means' under USSG §2B1.1(b)(9)(C). Defendant objects to this enhancement, arguing that "[b]ased on this defendant's actions, the means of enticing future investors (disseminating false figures for investment returns) is simply not 'sophisticated'...."

## *Argument*

USSG §2B1.1(b)(9)(C) provides for a two-level enhancement for any fraud case that involves 'sophisticated means.' The advisory commentary authored by the United States Sentencing Commission provides guidance on the application of this enhancement:

> Sophisticated Means Enhancement.-For purposes of subsection (b)(9)(C), "sophisticated means" means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

Application Note 8, USSG §2B1.1 (Nov. 2007).

Defendant argues that this enhancement should not be applied solely because his dissemination of false investment return data was not sophisticated. Defendant's argument is misplaced. Both on the facts, and relevant case law, the PSR properly applied the enhancement.

In *United States v. Davis*, 177 Fed.Appx. 895, 2006 WL 1049318 (11th Cir. 2006), an investment fraud case, the Eleventh Circuit upheld a 'sophisticated means' finding where the defendant utilized an out-of-state shill to fraudulently vouch for the investment scam. The fraudulent shill had been located out of state by the defendant. Similar conduct occurred here. For

example, the defendant utilized an out-of-state shill, Andy Byun in California, to falsely vouch about the profitability of the KL Financial Group to a prospective investor in Florida, Lannie Rose. See Factual Proffer, DE 131, ¶ 7. *But cf. United States v. Harris*, 490 F.3d 589 (7th Cir. 2004)(noting district court failed to impose 'sophisticated means' enhancement in hedge fund fraud).[1]

In *United States v. Longo*, 184 Fed.Appx. 910, 914, 2006 WL 1674267 (11th Cir. 2006), the Eleventh Circuit noted that "[n]ot all actions need to be sophisticated in order to support a sophisticated means enhancement; it is sufficient if the totality of the scheme was sophisticated." *citing United States v. Halloran*, 415 F.3d 940, 945 (8th Cir.2005); *United States v. Finck*, 407 F.3d 908, 915 (8th Cir.), *cert. denied*,--- U.S. ----, 126 S.Ct. 282, 163 L.Ed.2d 249 (2005) ("Repetitive and coordinated conduct, though no one step is particularly complicated, can be a sophisticated scheme."). In *Longo*, a midlevel employee embezzled over $6,000,000 from four different employee benefit plans. She then engaged in repetitive and coordinated conduct requiring multiple financial transactions before she received money. The Eleventh Circuit found that under the totality of the scheme the defendant's conduct had used sophisticated means and upheld application of the enhancement. 184 Fed.Appx. at 914. Similarly here, John Kim and his co-conspirators often used repetitive and coordinated conduct to hide from the investors the true financial performance of KL; they engaged in an elaborate ruse to hire 'proprietary traders' to give the illusion that KL was a

---

[1] In *Harris*, the Seventh Circuit found that a hedge fund was a "financial institution" under U.S.S.G. §2B1.1(b)(13)(B)(i), and that the defendant was properly given an additional four-level enhancement because the fraud had "substantially jeopardized the safety and soundness of a financial institution." Although the government has not made that argument in this case, it should be noted that the underlying fraud in this case resulted in the failure of the entity, and the appointment of a receiver. See PSR, ¶¶ 5-6. Arguably an additional four points could be awarded here, but such an addition would be meaningless given the 240 month statutory cap on the defendant's sentence.

thriving and profitable hedge fund, routinely sent out bogus quarterly statements to investors, and created fictitious trading sheets to hide non-existent profits garnered in trading a stock known as Research-in-Motion, ("RIMM"). (DE 131, ¶¶ 4, 5, 7).

In *United States v. Stewart*, 213 Fed.Appx. 291, 2007 WL 56714 (5th Cir. 2007), the Fifth Circuit upheld a 'sophisticated means' enhancement where the crime involved a single false bank loan application crime. The Court found the enhancement warranted because the defendant had instructed a bookkeeper to create a second set of financial records to support loan application misstatements. The fraudulent records created by Yung Kim and Won Lee in this case spanned many different transactions and covered a period of several months.

In *United States v. Erwin*, 67 Fed.Appx. 876, 2003 WL 21376108 (6th Cir. 2003), a branch manager of a securities broker embezzled client funds, created fraudulent account statements to hide the embezzlements, and defrauded his clients for several years, including his own accountant. The Court found 'sophisticated means' existed in part because the underlying fraud required the defendant to monitor his fraudulently-created account statements to hide his embezzlements, including fraudulent calculations of dividends and interest on funds that no longer existed, and the fraud included the preparation of false 1099s which had to be done to cover up the embezzlements. Nearly identical conduct occurred in The KL Financial Group scam: fraudulent investor statements and the website had to be constantly reviewed and tracked; and false 1099 forms were caused to be sent out to cover up the actual amount of investor losses.

The defendant knew that fraudulent account statements were being generated, on paper and the internet. (DE 131, ¶¶ 4-5; PSR ¶¶ 11, 13, 17). The hedge funds' own accountant was defrauded in this case as well. See PSR ¶¶ 5, 18 where the Probation Office noted that the accounting firm

Caler Donten unwittingly aided the fraud by sending out investor statements on the KL Triangulum Fund based on counterfeit data provided by Yung Kim, and that the accountants themselves had invested in the funds.

In *United States v. Goodwin*, 241 Fed.Appx. 685, 2007 WL 2214592 (11th Cir. 2007), a company bookkeeper embezzled employer funds by wiring money into her personal account and wrote unauthorized company checks. Later, she removed evidence and changed computer passwords on the company's bank accounts to hide her crime. The Eleventh Circuit found that this conduct was sufficient for the 'sophisticated means' enhancement.

In *United States v. Cowling*, 239 Fed.Appx. 549, 2007 WL 2376793 (11th Cir. 2007), a company manager engaged in an embezzlement scheme using fictitious vendor invoices that she had created for the fraud. The Eleventh Circuit upheld a 'sophisticated means' enhancement where it found repeated acts over an extended period of time that were not merely opportune but evidence of a sophisticated scheme. The same result should apply here. *See also United States v. Rosin*, 263 Fed.Appx. 16 (11th Cir. 2008)(health care fraud case involving application of sophisticated means enhancement wherein Court found that defendant-physician's performance of complicated multistate surgeries in a manner designed to maximize profits while falsely appearing to give skin cancer treatments qualified as sophisticated).

The exhaustive list of coordinated activity to pull off a nearly $200,000,000 fraud is staggering in this case: (1) falsely touting a trading system that produced over 100% annual returns, (DE 131, ¶ 3); (2) misrepresenting investment returns, (*Id*., ¶ 4); (3) an updated web site containing fraudulent investment returns, (*Id*., ¶ 4, and PSR, ¶ 13); (4) distribution of counterfeit clearing firm statements, (DE 131, ¶ 4; PSR, ¶ 12); (5) renting lavish office space and employing numerous

"proprietary" traders to create the illusion of large-scale success, ( DE 131, ¶ 4; PSR, ¶ 15); (6) providing counterfeit trading records to accountants (PSR, ¶¶ 18, 19 20); (7) forming a supposedly independent accounting company that was used to lull investors by providing false and overstated 1099 forms to investors (PSR, ¶19); and creating completely fictitious stock trading sheets to substantiate a non-existent $20 million trading profit, (PSR, ¶ ¶ 7-8).

Admittedly the defendant did not perform every deceitful act of KL's long-running confidence game.  Merely because the defendant himself did not perform all of the acts giving rise to a sophisticated fraud however does not entitle the defendant to an undeserved sentencing benefit. Rather, relevant case law establishes the exact opposite principle of law.  A defendant is responsible for the reasonably foreseeable acts of his co-conspirators in the case of jointly undertaken criminal activity.

For example, in the case of *United States v. Cushing*, 99 Fed.Appx. 269, 2004 WL 1089076 (2nd Cir. 2004), a securities fraud prosecution, the defendant argued that the 'sophisticated means' enhancement should not apply to him because his role was limited to making public statements about certain stocks.  The Court rejected the argument and held the defendant liable for the foreseeable acts of his co-conspirators:

> [T]he Guidelines provide that, in cases of jointly undertaken criminal activity, a defendant is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B); *see United States v. Lewis*, 93 F.3d 1075, 1084 (2d Cir.1996) (holding that "sophisticated means" is an offense characteristic, not a characteristic of an individual defendant; "[a] defendant cannot escape punishment simply by contracting out to his accountants the dirty work of tax evasion"); *see also United States v. Miles*, 360 F.3d 472, 482 (5th Cir.2004) (rejecting the defendant's argument that the sophisticated means enhancement could not be applied to her where she allegedly did not personally use sophisticated means, because her co-conspirator's use of sophisticated means was reasonably foreseeable to her).

*Cushing*, 99 Fed. Appx. at 272, *vacated on other grounds* 543 U.S. 1106, 125 S.Ct. 1041 (2005).

The concerted activity undertaken by John Kim, Won Lee and Yung Kim enabled a $194,000,000 fraud to last several years. Sophisticated measures were undertaken to lure in experienced and well-heeled investors, and then those measures were enhanced to lull the same investors into believing that their investment funds were profitable. As time passed, the fraudulent measures encompassed hiring 'independent' auditors who were not 'independent' at all but captive to spoon-fed counterfeit data provided by one or more co-conspirators, and providing counterfeit data to actual outside accountants. KL's proverbial house of cards was a very sophisticated fraud that fooled a lot of people for a long time. If the enhancement does not apply here it never will.

## **CONCLUSION**

For all of the foregoing reasons, the defendant's objection to the 'sophisticated means' enhancement should be denied.

        Respectfully submitted,

        R. ALEXANDER ACOSTA
        UNITED STATES ATTORNEY

By:   *s/ Stephen Carlton*
        STEPHEN CARLTON
        ASSISTANT UNITED STATES ATTORNEY
        500 S. Australian Ave., Suite 400
        West Palm Beach, Florida 33401-6235
        Admin. No. A5500011
        Tel. (561) 820-8711 Ext. 3053
        Telefax (561) 659-4526
        E-mail: Stephen.Carlton@USDOJ.GOV

By:   *s/ Edward Nucci*
        EDWARD C. NUCCI
        ASSISTANT UNITED STATES ATTORNEY
        Fla. Bar No. 0794406

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 9, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Stephen Carlton
STEPHEN CARLTON
Assistant United States Attorney

## SERVICE LIST

**United States v. Jung Bae Kim,**
Case No. 06-80197-Cr-Ryskamp/Hopkins
United States District Court, Southern District of Florida

Stephen Carlton
Assistant U.S. Attorney
stephen.carlton@usdoj.gov
U.S. Attorney's Office
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526
Attorney for United States
[Service via CM/ECF]

Michael Gary Smith
110 SE 6th Street
Suite 1970
Fort Lauderdale, FL 33301
smithlawdefend@aol.com
[Service via CM/ECF]